UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT HARDESTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00101-WTL-MJD |
| | ) | |
| DICK BROWN SUPERINTENDENT W.V.C.F., | ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Robert Hardesty for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 16-07-0003. For the reasons explained in this Entry, Hardesty's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 30, 2016, Case Worker Fischer issued a Report of Conduct to Hardesty for a violation of Code B-213, threatening. The Report of Conduct stated:

> On 6/30/16 at approx. 8:00 am I CW Fischer met with Offender Hardesty, Robert 854516 due to him wanting a single cell. During our conversation he stated to me that he was denied a single cell before and committed an A102 to get one. He stated it would not bother him to do this again if does not get moved.

Code B-213 is defined as:

> Engaging in any of the following:
>
> 1. Communicating to another person a plan to physically harm, harass or intimidate that person or someone else.
>
> 2. Communicating a plan to cause damage to or loss of that person's or another person's property.
>
> 3. Communicating a plan to intentionally make an accusation that he/she knows is untrue or false.

Code A-102 is defined as: "Committing battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury."

Hardesty was provided notice of the offense on July 6, 2016. Hardesty requested Case Worker Fischer as a witness, but did not request any physical evidence. Case Worker Fischer stated that:

> When I spoke to Hardesty, Robert 854546 about him wanting a single cell he stated to me that he had done things before resulting in an A 102 to get a single cell and he would do it again. After this, I did speak to Mr. Littlejohn ASO about what was said by offender Hardesty. Mr. Littlejohn stated that what Hardesty said was threatening to safety and security of the facility so he should be written up and taken to segregation.

The Disciplinary Hearing was held on July 14, 2016. Hardesty stated that, "I did say since I was in a dorm with a bunch of sex offenders I probably wouldn't have a problem with it—but it

wasn't against a specific person on property" The Hearing Officer found Hardesty guilty based on staff reports, witness statements, and the statement of the offender. The recommended and approved sanctions were a written reprimand, loss of privileges, disciplinary segregation, and loss of 45 days of earned credit time. The Hearing Officer imposed the sanctions because of the seriousness of the offense and likelihood that the sanction would have a corrective effect on offender's future behavior.

Hardesty's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Hardesty challenges the disciplinary conviction arguing that the evidence was insufficient to sustain it and that he was denied a witness statement.

Hardesty asserts that the evidence is insufficient because his conduct does not fit within the definition of Code B-213, threatening. According to Hardesty, this is because he did not threaten a specific person. Here, Hardesty told Case Worker Fischer that he was willing to commit an A-102 to get a single cell. An A-102 offense is a battery or assault using a weapon or causing serious bodily injury. Hardesty admits he told Fischer that he "wouldn't have a problem" committing an A-102. In other words, Hardesty did threaten to commit an assault or battery. Based on the language of B-213, which prohibits "communicating . . . a plan to physically harm, . . . . that person or someone else," it is irrelevant that he did not threaten a specific person.[1] Hardesty has therefore failed to show that the evidence against him is insufficient. *See*

---

[1] To the extent that Hardesty argues that the offense of threatening was not defined this way when he was provided a list of Indiana Department of Correction offenses, the respondent has provided a current definition of this offense, which was in place at the time of the offense. Hardesty's misunderstanding of the offense does not render the evidence against him insufficient.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record.").

Hardesty also argues in his petition that he was denied a witness statement from Caseworker Fisher that Mr. Littlejohn told her to find a reason to write Hardesty up. Hardesty states that he did not receive a statement from Fisher to this effect. But Fisher did provide a statement that she spoke to Mr. Littlejohn about Hardesty's statement and Littlejohn said "what Hardesty said was threatening to safety and security of the facility so he should be written up." Hardesty cannot obtain habeas relief based on his argument that he was denied a witness statement, when that witness statement was presented and considered, even though the statement was not what Hardesty wanted the statement to be.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hardesty to the relief he seeks. Accordingly, Hardesty's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/19/2017

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT HARDESTY
854546
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov